UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS,<br><br>     Plaintiffs,<br><br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>     Defendant. | Civil Action No. 24-2200 (APM) |

## ANSWER

Defendant, the Federal Bureau of Investigation ("FBI") ("Defendant"), by and through undersigned counsel, respectfully submits the following Answer to the Complaint (ECF No. 1) filed by pro se Plaintiff, Antonio Gregory Brooks, ("Plaintiff") on July 24, 2024, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:[1]

1.    This paragraph asserts Plaintiff's characterization of the instant action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff brings the instant action under the FOIA and the Privacy Act of 1974.

2.    This paragraph asserts characterization of the instant action to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to yet-to-be-processed records.

## **PARTIES**

3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.    Defendant admits that FBI is a component of the Department of Justice and is subject to the requirements of the FOIA.  Defendant denies that the FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant further admits that on the language of the request, it maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.  Defendant further admits that FBI headquarters are located at 935 Pennsylvania Avenue NW, Washington, D.C. 20535.

5.    This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant admits that the FBI may have records potentially responsive to Plaintiff's FOIA requests. Defendant lacks knowledge or information sufficient to form a belief as to requests submitted to "co-Defendants." Defendant further denies improperly withholding records in violation of the FOIA or Privacy Act.

---

[1]    For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

6.     This paragraph contains legal conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action, subject to the terms, conditions, and limitations of FOIA.

7.     This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for a properly stated FOIA claim.

## BACKGROUND

8.     This paragraph contains Plaintiffs' characterization of his FOIA request to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's August 2018 FOIA request. Notwithstanding, Defendant respectfully refers the Court to the FOIA request and correspondence referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

9.     Defendant admits that it received a FOIA request from Plaintiff on or about June 9, 2021. Defendant further admits that on or about June 24, 2021, Defendant notified Plaintiff that after a reasonable search, the Defendant was unable to identify records responsive to Plaintiff's request. Defendant further admits that the Department of Justice Office of Information Policy ("OIP") received correspondence from Plaintiff on June 1, 2022, and OIP sent Plaintiff correspondence dated June 2, 2022. The remaining allegations in this paragraph assert Plaintiff's characterization of his FOIA request and correspondence related thereto to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to this correspondence for a complete and accurate statement of its contents and denies all allegations

in this paragraph inconsistent therewith.  Defendant also notes the Department of Justice is not listed as a defendant in the instant action.

10.    Defendant admits to receiving correspondence from Plaintiff on or about December 8, 2022, and that OIP received correspondence from Plaintiff on or about May 19, 2023. Defendant further admits that the FBI sent Plaintiff correspondence dated December 14, 2022, and that OIP sent Plaintiff a letter dated June 5, 2023. Defendant respectfully refers the Court to the correspondence referend in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant further notes that the Department of Justice is not a defendant in this case.

12.    Defendant admits that FBI sent correspondence to Plaintiff on or about December 14, 2022 and June 24, 2021. Defendant further admits that OIP sent correspondence to Plaintiff dated June 5, 2023. The remainder of this paragraph contains Plaintiff's characterization of the correspondence referenced in this paragraph, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the correspondence referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

13.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff exhausted administrative remedies.

14.    This paragraph consists of Plaintiff's characterization of information on the FBI's FOIA website to which no response is required. To the extent a response is deemed required,

Defendant respectfully refers the Court to the FBI's website as referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

15.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

16.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

17.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

18.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

19.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

20.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

21.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

22.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION

23.    Defendant incorporates by reference its responses to paragraphs 1 through 22 above.

24.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

25.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that more than twenty working days have passed since June 14, 2021, and more than twenty working days have passed since December 13, 2022. Defendant denies the remaining allegations in this paragraph.

26.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

27.    Defendant denies the allegations in this paragraph and further answers that it mailed a release of records or portions thereof by letter dated June 8, 2023, to Plaintiff at Apartment 2410, 4910 Allertow Road, Fredericksburg, VA 22407.  Defendant avers that this correspondence was eventually returned to the FBI as undeliverable, on or about September 26, 2023.

28.    Defendant denies the allegations in this paragraph.

29.    Defendant denies the allegations in this paragraph.

30.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31.    This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

### REQUESTED RELEIF

The remainder of the Complaint, starting with "PRAYER FOR RELIEF" asserts Plaintiff's request for relief to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief to the extent that they exceed the relief authorized by FOIA.

*       *       *

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.


Dated: November 12, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: */s/ Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*