UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO G BROOKS
PLAINTIFF

VS.                                                    Civil Action No. 24-CV-02200 (APM)

FEDERAL BUREAU OF INVESTIGATION, et.al
DEFENDANT

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM AND REQUEST FOR RECONSIDERATION TO MINUTE ORDER

Plaintiff, Antonio Brooks, pro se, with respect to Supplemental Memorandum to Joint Status Report (See ECF No. 12), Joint Status Report (See ECF No. 13), and Minute Order (See D.D.C, Dec. 17, 2024) (Minute Order)), respectfully submits and requests for reconsideration moving this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as Defendant Federal Bureau of Investigation (FBI) continues to act in willful violation of Freedom of Information Act (FOIA) and Privacy Act (PA) requirements, evade the Court's prior orders, and engage in misrepresentations in their filings.

### I. INTRODUCTION

5. This motion seeks relief for the Defendant's continued failure to:
    a   Comply with the requirements of the FOIA and PA;
    b   Provide accurate, timely, and truthful responses regarding the requested records;

    c    Cease evasive and prejudicial actions before this Court, including misrepresentations that suppress the rights of a U.S. Person under *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)*

## II. FACTUAL BACKGROUND

### FOIA Requests and Delays

6. On multiple occasions, including through the submission of multiple FOIA and PA requests sent as mentioned in the complaint, *see* ECF No. 1, Defendant failed to due diligence of its record keeping as required by law to identify responsive records even when Plaintiff was unable to identify with specificity but provided general dates and ranges to suffice in an adequate search. Plaintiff requested records to which they are entitled under FOIA. Defendant has not produced the requested records and contends that Plaintiff is not entitled to *any* records in the Defendant's Answer, *see* ECF No. 10, which is in direct contravention of the plain text, language, and meaning of both the Freedom of Information Act and Privacy Act and court precedent.

### Willful Misrepresentation and Suppression

7. The Defendant has filed responses that omit or misstate the existence and scope of the requested records intentionally and purposefully. Plaintiff is aware that several FOIA requests are still being ignored by the Defendant, despite no active attempt to check and verify as required by law and lack of mention in Answer.

    a    Additionally, Plaintiff is aware that the responsive records exist given the basic background information that the Defendant maintains on all U.S. citizens. Defendant's denials and evasions are, therefore, false and prejudicial without cause or merit.

    b    Furthermore, Defendant has provided rebuttals in their Answer that refutes or gives the Plaintiff no substance of actions, facts, or counter facts to discuss during conference or believe to be inferred as true or relevant when providing updates in ECF 13. Such representations may also fail to convince the Court with clarity

      even out of an abundance of deference to know the Defendant is working to action the Complaint as required by the Court's Order.

   c   Instead, the Defendant, in their Answer, uses and relies *only* on the words from the Plaintiff's Complaint, *see* ECF No.1 , and appears to do so in a manner that would be impermissible in this proceeding when reviewed in full by the Court or any other proceedings or may seek to infringe upon and deny me proper rights and privileges that are granted and afforded to me.

   d   Notwithstanding my pro se status or *that I can write well* (emphasis added), but such rights and privileges and protections are and must be afforded, provided, and guaranteed to pro se litigants, including the Plaintiff, in the forms of due process, and access to counsel, among others, that protect and privilege the litigants words and actions, to protect against coercion, entrapment, prejudice, injustice, impropriety, or unfairness, especially given the Defendants filed responses.

### Court's Joint Status Order

4. The current Joint Status Order (entered on Dec 13, 2024) has allowed the Defendant to evade compliance further. Setting another status update for January 25, 2025 enables Defendant to continue stonewalling FOIA requirements without consequence and engage in other means of actions towards the Plaintiff that are prejudicial both as a matter of procedure and as it would pertain to materiality if impeding and denying me protected rights and privileges derived from this suit or from other freedoms and protections.

### Discriminatory and Prejudicial Actions

5. Plaintiff reasonably believes Defendant's conduct may involve injurious treatment, directly from this matter and indirectly to the Plaintiff's person, potentially arising out of ex parte communications or other counsel tactics that would infringe upon the Plaintiff's rights, privileges, and protections afforded by the Constitution.

   a. If the Court is aware of such communications or statuses, it may be a matter of right and law for the Plaintiff to know and be aware of such facts, given pro se status and lack of knowledge and understanding of the court, and the intricacies of protections and rights and privileges afforded to Plaintiff.

    b. It should not be denied or used against the Plaintiff due to arguments of "that door is opened" when there must be heightened scrutiny and protections in place to provide for the means not to set up litigants to fail or to be coerced and entrapped due to novelty, finesse, or experience of attorneys.

    c. For such functionality of the system would not only impugn the work of the courts but also that of the ability for pro se litigants to seek proper redress and engage in the lawful and protected functions of civic and government without fear of reprisal or retaliation, as Plaintiff is doing.

    d. Injunctive relief would be warranted to prevent further harm and facilitate a resolution based on the merits of the case. Courts have recognized the necessity of such measures to safeguard due process (*Mathews v. Eldridge*, 424 U.S. 319 (1976)).

6. *In light of the above*, Plaintiff respectfully requests the Court consider 28 U.S.C. § 455, the issues raised, and if it should apply. Plaintiff also requests the Court consider an injunction on this matter to prevent such conduct by the Defendant either in this District, or another with procedural or material impact. And Plaintiff requests consideration of appointment of counsel to advise, consult, and advocate on such unprecedented and novel means and measures that appear are before this Court and if other necessary means are appropriate to alleviate and address the concerns of the Plaintiff addressed and contained herein.

### III. ARGUMENTS

**Defendant's Bad Faith and the Court's Authority to Compel Production and Impose Sanctions**

7. Under FOIA (5 U.S.C. § 552) and PA (5 U.S.C. § 552a), agencies must:
    a. Conduct adequate searches for requested records;
    b. Produce responsive records unless exemptions apply, and provide specific legal justification for any withholding.

8. The Defendant's willful failure to respond in the Answer with clarity and from their duty of burden to resolve inconsistencies through review of their own repositories and equities, despite Plaintiff's numerous efforts and specific knowledge of the records' existence, demonstrates bad faith.

9. This Court has the authority to compel production and sanction the agency for such misconduct and should. Doing so would be important, significant and even helpful to the Court, given the Court is ordering the parties to confer and file joint status reports, and the Defendant has already stated and clarified their *mens re*a in their Answer on page 7 "that the Plaintiff is not to the relief requested *or to any relief whatsoever* (emphasis added).

10. Without the Court's intervention, the conferring with the opposing Counsel will frustrate efforts and impede the ability to present all the relevant facts and material evidence before the Court as it pertains to every FOIA and PA request that needs to be resolved as stated and mentioned in the Complaint.

### Misrepresentation and Suppression Warrant Judicial Review Under Bivens

11. The Defendant 's misrepresentations, including knowingly false claims regarding records, violate Plaintiff's constitutional rights. Such conduct under color of law supports a cause of action under *Bivens v. Six Unknown Agents*, as the Defendant has acted to:
    a. Willfully suppress a U.S. Person's rights to include obstructing and denying access to legal advice or counsel;
    b. Obstruct judicial oversight and accountability;
    c. Engage in prejudicial conduct against Plaintiff.

### Relief Is Required to End Defendant's Continued Evasion

12. The Court's previous joint status order has inadvertently enabled Defendant's delay. Further extensions for status updates, such as January 25, 2025, would embolden Defendant's tactics of evasion. Plaintiff requests immediate summary judgment to ensure compliance.

## IV. DEFENDANT MAY ARGUE THE MOTION IS PREMATURE OR SEARCH WAS ADEQUATE

13. The Defendant may argue that the motion for summary judgment is premature or that their prior searches were adequate under FOIA and PA requirements. However, courts have consistently held that a conclusory or perfunctory assertion of adequacy does not satisfy the statutory standard.
    a. In *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), the court ruled that an agency must provide a **"reasonably detailed affidavit"** describing the search process and its sufficiency. Boilerplate statements or omissions about specific searches are insufficient to establish compliance.
    b. The Plaintiff can testify to the existence of the requested records based on personal knowledge of their creation and existence during employment at the Defendant agency. Where *Plaintiff's evidence contradicts the agency's claims* (emphasis added), the burden shifts to the Defendant to prove the search was adequate. See *Reyes v. U.S. Nat'l Archives & Records Admin.*, 991 F. Supp. 2d 10, 19 (D.D.C. 2013).

14. Defendant has not met the evidentiary threshold under FOIA to show a reasonable search occurred. Their continued evasion and omissions establish *prima facie* evidence of bad faith, necessitating summary judgment.


## V. DEFENDANT'S SILENCE OR FAILURE TO OPPOSE PLAINTIFF'S MOTION

15. Should the Defendant choose not to respond to this motion, courts have recognized that a party's silence may not preclude summary judgment when the opposing party fails to meet its burden.
    a. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013), states that non-opposition to a summary judgment motion does not prevent the Court from granting the motion if the moving party demonstrates entitlement to judgment as a matter of law.

    b. Defendant's failure to respond is particularly significant given their ongoing pattern of evasion and delays. Silence in the face of FOIA obligations and judicial scrutiny should not be rewarded with further time extensions or leniency.

16. Plaintiff has established through evidence and filings that Defendant's conduct violates FOIA and PA. Silence or non-opposition only confirms Defendant's inability to refute these claims.

## VI. DEFENDANT MAY ATTEMPT TO MISCHARACTERIZE THE MOTION AS MOOT OR TRIVIAL

17. The Defendant, may argue that the issues raised by Plaintiff are trivial or moot due to partial responses or the agency's intent to comply at a future date. However, courts have repeatedly rejected such tactics where an agency has engaged in bad faith or unreasonable delays.
    a. In *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982), the court emphasized that delay in compliance undermines the purpose of FOIA and creates "irreparable harm" to the requesting party's rights.
    b. A pattern of delay or intentional obstruction may support findings of bad faith. See *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F. Supp. 2d 28, 41 (D.D.C. 1998) (holding that agency behavior suggesting bad faith warrants judicial intervention).

18. Defendant has intentionally prolonged the matter through misrepresentations and omissions. Courts must not tolerate tactics that make a "mockery" of FOIA and PA, as they undermine both statutory and constitutional protections.

## VII. DEFENDANT MAY PERCEIVE THE COURT'S DELAY AS ADVANTAGEOUS

19. The Defendant may rely on the Court's previous joint status orders or procedural delays to continue evading compliance. Such reliance is inappropriate, as judicial deference to agency delays must not undermine Plaintiff's statutory rights.

   a. The Court in *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 610 (D.C. Cir. 1976), clarified that delays should not be accepted unless justified by exceptional circumstances beyond the agency's control. Mere workload claims or internal administrative obstacles are not sufficient excuses.
   b. Defendant's reliance on procedural delays constitutes a tactical abuse of the FOIA process. Judicial scrutiny is necessary to prevent agencies from exploiting the Court's calendar to perpetuate noncompliance.

## VIII. CONCLUSION

20. Plaintiff requests the Court to recognize Defendant's tactics for what they are—deliberate and willful avoidance.
21. The Defendant has repeatedly misled the Court, obstructed the release of responsive records, and exploited procedural mechanisms to evade accountability and also violated the rights of the Plaintiff. Plaintiff has demonstrated:
    a. The Defendant has acted in bad faith and has not held up its obligations as by law, to resolve, perform, and engage in the initial verification of the existence of the initial submissions of the Plaintiff's FOIA/PA requests to resolve inconsistences and inaccuracies;
    b. Defendant's misrepresentations and mischaracterizations of the Plaintiff's Complaint and sole reliance upon that is impairing through prejudice the fairness and timeliness of these proceedings; and
    c. The lack of valid justification for Defendant's failures to include prevention of the infringement upon and active engagement against the rights and privileges of the Plaintiff.

## **IX. RELIEF REQUESTED**

22. Since Defendant is using procedural delays, the Plaintiff's pro se status, and other means before this Court known and unknown to the Plaintiff to prejudice the proceedings, Plaintiff respectfully requests this Court to review such actions and if necessary, grant such measures to correct and protect the Plaintiff, such as through granting summary judgment, and by holding the Defendant accountable under FOIA, PA, *Bivens*, and the other appropriate statutes for violating Plaintiff's rights and constitutional protections.

23. Plaintiff also respectfully requests the following relief:
    a. Grant this Motion for Summary Judgment in Plaintiff's favor, or to compel the Defendant to comply with Order, (*see* ECF No. 10), or action the matter with the appropriate relief to address the Plaintiff's concerns;
    b. Compel the Defendant to:
        i. Conduct a thorough, transparent search for the requested records;
        ii. Produce all responsive records immediately or through a schedule set and monitored by the Court;
    c. Sanction the Defendant for misrepresentations made to this Court and willful suppression of records in violation of FOIA, PA, and constitutional rights;
    d. Consider 28 U.S.C. § 455, the issues raised, and if it should apply as appropriate;
    e. Grant an injunction on this matter if such conduct as mentioned above is noted by the Court to prevent such prejudice by the Defendant against the Plaintiff either in this District, or another with procedural or material impact.
    f. Immediately appoint counsel to protect and reserve all appropriate means of rights, privileges, immunities, defenses, and counsels afforded to a person before a Court in the United States.
    g. If necessary as the Court may see appropriate, grant an ex parte meeting with Plaintiff to address and confer on the concerns and issues that are raised herein.

24. For the foregoing reasons, Plaintiff Antonio Brooks respectfully requests that this Court grant this Motion for Summary Judgment and order the requested relief to hold Defendant FBI accountable for its evasive, willful, and prejudicial conduct.

Dated: 19 December 2024

Respectfully Submitted – *Pro Se*,
_____//s//_____
Antonio Gregory Brooks
2701 Park Center Drive, Apt B905
Alexandria, VA 22302
910-987-0787
Antoniobrooks20@gmail.com

## X. CERTIFICATE OF SERVICE

I hereby certify that on this **19th day of December 2024**, a copy of the foregoing **Supplemental Motion** was mailed to the Clerk of Court in accordance with the **Federal Rules of Civil Procedure, Rule 5(d)(1),** and the **Local Rules of the United States District Court for the District of Columbia**.

Pursuant to my *in forma pauperis* and *pro se* status, service will be effectuated by the Clerk of the Court to all registered parties, as required by applicable rules.

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** and under the laws of the United States of America that the foregoing is true and correct.

**Executed on:** 19 December 2024

\_\_\_

Signature: _____//s//_____

**Antonio Gregory Brooks**
*Plaintiff, Pro Se*