UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO GREGORY BROOKS,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 24-2200 (APM)

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM AND REQUEST FOR RECONSIDERATION TO MINUTE ORDER**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................................ i

Table of Authorities .......................................................................................................................... ii

Background ...................................................................................................................................... 1

Argument ......................................................................................................................................... 2

       I.      Plaintiff's Motion for Summary Judgment is Premature. ....................................... 2

      II.     Plaintiff Fails to Identify Any Grounds for Recusal. ............................................... 3

Conclusion ....................................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assassination Archives & Rsch. Ctr., Inc. v. CIA*,
  Civ. A. No. 17-0160 (TNM/GMH), 2018 WL 6790313 (D.D.C. Dec. 10, 2018) ...................... 2
*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
  403 U.S. 388 (1971) .................................................................................................................. 1
*Cobell v. Norton*,
  237 F. Supp. 2d 71 (D.D.C 2003) ............................................................................................ 3
*Doshi v. Blinken*, Civ. A.,
  No. 23-3613 (RC), 2024 WL 3509486 (D.D.C. July 22, 2024) ............................................... 2
*Liteky v. United States*,
  510 U.S. 540 (1994) .................................................................................................................. 3
*McKathan v. Dep't of Homeland Sec.*, Civ. A.,
  No. 22-1865 (DLF), 2024 WL 1344434 (D.D.C. Mar. 29, 2024) ............................................ 2
*Rafferty v. NYNEX Corp.*,
  60 F.3d 844 (D.C. Cir. 1995) .................................................................................................... 3
*S. Pac. Comm'ns v. Am. Tel & Tel. Co.*,
  740 F.2d 980 (D.C. Cir. 1984) .................................................................................................. 3
*S.E.C. v. Loving Spirit Found., Inc.*,
  392 F.3d 486 (D.C. Cir. 2004) .................................................................................................. 3
*SEC v. Bilzerian*,
  729 F. Supp. 2d 19 (D.D.C. 2010) ............................................................................................ 3
*United States v. Microsoft Corp.*,
  253 F.3d 34 (D.C. Cir. 2001) .................................................................................................... 3

**Statutes**

5 U.S.C. § 552 ................................................................................................................................ 1
28 U.S.C. § 453 .............................................................................................................................. 3
28 U.S.C. § 455 .............................................................................................................................. 1
U.S.C. § 455 ................................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 56(b) ...................................................................................................................... 2

Defendant, the Federal Bureau of Investigation ("FBI") ("Defendant"), by and through undersigned counsel, respectfully submits the following memorandum in opposition to Plaintiff's Supplemental Memorandum and Request for Reconsideration to Minute Order, ECF No. 14 ("Pl's Mem.").

**BACKGROUND**

Plaintiff initiated this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case on July 24, 2024. Compl., ECF No. 1. Defendant timely filed an Answer to the Complaint on November 12, 2024. Answer, ECF No. 10. On November 22, 2024, the Court ordered the parties to file a joint status report by December 13, 2024, *see* Order, ECF No. 11, which the parties did. Joint Status Report, ECF No. 13. That same day, without conferring with the undersigned counsel pursuant to Local Civil Rule 7(m), Plaintiff filed a supplemental memorandum to the party's joint status report. *See* ECF No. 12. On December 17, 2024, the Court ordered the parties to file an additional joint status report by January 27, 2025. *See* Minute Order, Dec. 17, 2024. On December 19, 2024, Plaintiff filed another supplemental memorandum. *See* Pl's Memo., ECF No. 14.

Although less than a model of clarity, Defendant construes Plaintiff's second supplemental memorandum as a combined motion for summary judgement and motion seeking recusal of the district court judge pursuant to 28 U.S.C. § 455. *See* Pl's Memo., ECF No. 14 at ¶¶ 5-6, 13, 23.[1] For the reasons outlined below, Defendant respectfully requests the Court to stay or deny Plaintiff's motion for summary judgment without prejudice because it is premature. To the extent that the Court construes Plaintiff's Memorandum as a motion to recuse the Honorable Amit P. Mehta from this case, Defendant opposes this request as Plaintiff's conclusory allegation of *ex*

---

[1] Plaintiff's Memorandum references allegations pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff however did not raise a *Bivens* claim in the Complaint. *See* Compl. ECF No. 1.

*parte* communications between the Defendant and this Court are wholly unsupported and otherwise lacking in merit. A proposed order is enclosed herewith.

## ARGUMENT

I. **Plaintiff's Motion for Summary Judgment is Premature.**

While Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" courts in this district have denied such motions in FOIA cases where, as is the case in the instant action, the agency has not yet completed its search for responsive records. *See* Fed. R. Civ. P. 56(b); *see also Doshi v. Blinken*, Civ. A. No. 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024) (denying plaintiff's summary judgment motion as premature when agency was still processing and releasing responsive records); *McKathan v. Dep't of Homeland Sec.*, Civ. A. No. 22-1865 (DLF), 2024 WL 1344434, at *8 (D.D.C. Mar. 29, 2024) ("The Court will not set a summary judgment briefing schedule before [the agencies] have finished searching and releasing any documents to [the requester]."); *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, Civ. A. No. 17-0160 (TNM/GMH), 2018 WL 6790313, at *2 (D.D.C. Dec. 10, 2018) (denying summary judgment motion as premature in FOIA case where agency was still conducting search for responsive records).

Here, Plaintiff invites the Court to bypass the early stages of this action and moves for summary judgment at a premature stage before the Agency has completed its searches and processing of potentially responsive records. Defendant continues to investigate Plaintiff's multiple FOIA request, and even reissued a production that Defendant had previously attempted to send to Plaintiff that had been returned to the Defendant as undeliverable. *See* Joint Status Report, ECF No. 13 at ¶ 1. The Court should decline Plaintiff's invitation and stay or deny without prejudice Plaintiff's motion for summary judgment as premature.

## II.     **Plaintiff Fails to Identify Any Grounds for Recusal.**

Judges take a solemn oath to discharge their duties "faithfully and impartially" by "administer[ing] justice without respect to persons," 28 U.S.C. § 453, and absent evidence to the contrary, judges "are presumed to be impartial," *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010). Parties seeking to overcome the "presumption against disqualification" must meet a high bar. *Id.* (quoting *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C 2003)). This is because "[i]n the wrong hands, a disqualification motion is a procedural weapon to harass opponents and delay proceedings. If supported only by rumor, speculation, or innuendo, it is also a means to tarnish the reputation of a federal judge." *United States v. Microsoft Corp.*, 253 F.3d 34, 108 (D.C. Cir. 2001) (en banc) (per curiam).

The question under Section 455(a) is whether "a reasonable and informed observer would question the judge's impartiality." *S.E.C. v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *Microsoft Corp.*, 253 F.3d at 114). The law is clear that judicial rulings are almost never grounds for a claim of bias or partiality. *See S. Pac. Comm'ns v. Am. Tel & Tel. Co.*, 740 F.2d 980, 995 (D.C. Cir. 1984) ("statistical one-sidedness of the trial court's evidentiary, factual and legal rulings simply cannot be used to support an inference of judicial bias"). "Opinions formed by a judge 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995) (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)).

Here, Plaintiff has articulated no valid basis under the relevant law or facts that would require the Honorable Amit P. Mehta to disqualify himself from this proceeding. Nor does Plaintiff offer any evidence to overcome the presumption of impartiality. In his motion, Plaintiff merely speculates in a conclusory fashion that *ex parte* communications may have occurred. *See* Pl's Mot.

ECF No. 14 at ¶ 5. As this Court is well aware, Plaintiff's allegations concerning *ex parte* communications between the Defendant FBI, or the undersigned counsel for Defendant, and the Court are nothing more than mere conjecture and baseless speculation. Plaintiff's allegations of partiality are equally conclusory and unsupported by any factual evidence. *See id.* at ¶¶ 4-6. Moreover, the Court's December 17, 2024 Minute Order, is brief and in no way shows partiality, deeply seated favoritism, or antagonism. Thus, there is no basis for recusal under the applicable law and facts and this Court is not required to recuse itself from this case.

## CONCLUSION

For these reasons, to the extent that this Court construes Plaintiff's second supplemental memorandum as a motion for summary judgment, Defendant respectfully requests that Plaintiff's Memorandum be stayed or denied without prejudice. To the extent that this Court construes Plaintiff's Memorandum as a motion to recuse the Honorable Amit P. Mehta from this case, Defendant respectfully requests that the Court deny Plaintiff's motion.

Dated: January 2, 2025

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: */s/ Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 24-2200 (APM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Memorandum in Opposition to Plaintiff's Supplemental Memorandum and Request for Reconsideration to Minute Order, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion for summary judgment is denied without prejudice. It is further

ORDERED that Plaintiff's motion to recuse the judge from the instant action is denied.

SO ORDERED:

_____                                     _____
Date                                                                    Amit P. Mehta
                                                                              United States District Judge