UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-2200 (APM) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

In this FOIA action, Defendant filed its Answer, ECF No. 10, on November 12, 2024. On November 22, 2024, the court entered an Order, ECF No. 11, directing the parties to file a Joint Status Report by December 13, 2024. Despite this directive, the parties filed a Joint Status Report ("JSR"), ECF No. 13, but Plaintiff also filed his own Supplemental Status Report, ECF No. 12.

Although Plaintiff requested that the court enter a briefing schedule for summary judgment, *see id*. at 4, Defendant indicated that it required a "reasonable amount of time . . . to investigate Plaintiff's FOIA requests and to confer with Plaintiff to narrow down the issues in this case[,]" JSR at 1–2. Defendant proposed filing a subsequent JSR, *see id*. at 2, and on December 17, 2024, the court entered a Minute Order accepting that proposal, and ordering the parties to file a renewed JSR by January 27, 2025, advising as to whether any disputed issues remain and, if so, proposing a schedule for further proceedings. *See* Minute Order (entered 12/17/2024). Two days later, Plaintiff filed a Supplemental Memorandum and Request for Reconsideration to Minute Order ("Suppl. Mem."), ECF No. 14.

In his Supplemental Memorandum, Plaintiff argues that the "Joint Status Order (entered on Dec. 13, 2024) has allowed the Defendant to evade compliance [with the FOIA and Privacy

Act] further. Setting another status update for January 25, 2025 enables Defendant to continue stonewalling FOIA requirements without consequence and engage in other means of actions towards the Plaintiff that are prejudicial[.]" *See* Suppl. Mem. at 3. He also challenges Defendant's response to his FOIA requests, asks this court to, *inter alia*, enter summary judgment on his behalf, and to compel Defendant's statutory compliance, including the release of all responsive records. *See id.* at 9–10.

First, the court finds no basis to vacate its Minute Order. It emphasizes that setting a deadline for a renewed JSR does not contribute to any non-compliance, nor does it cause prejudice—it benefits both parties, providing both Plaintiff and Defendant an opportunity to discuss, often for the very first time, outstanding issues, with potential resolution without additional litigation, saving time, effort, and expense. Indeed, though not guaranteed, it is possible that, upon conferring, Defendant may decide to conduct additional searches for records responsive to Plaintiff's FOIA requests, and it may also release additional materials to Plaintiff. To the extent this matter cannot be narrowed or resolved, and once Defendant has completed its review of the FOIA requests, the court will be prepared to enter a briefing schedule for summary judgment.

Insofar as Plaintiff asks for summary judgment, *see* Suppl. Mem. at 1, 5–6, 9–10, he has failed to comply with Federal Rules 7(b), 56(a), and 56(c), as well as D.C. Local Civil Rule 7(h)(1). Even if Plaintiff had complied procedurally, any motion for summary judgment would be premature. The court assures Plaintiff that, once Defendant's review of his FOIA requests is complete, should he still disagree with Defendant's position, he will be free to raise his dispositive arguments for this court's consideration.

Finally, Plaintiff again requests appointment of counsel. *See* Suppl. Mem. at 4, 9. That request is denied without prejudice for the reasons stated in the court's Order, ECF No. 9, dated November 4, 2024, as the circumstances have not changed. Furthermore, Plaintiff is reminded that requests for relief requiring court orders must be made by separate motion. *See* Fed. R. Civ. P. 7(b).

Dated: January 27, 2025

Amit P. Mehta
United States District Judge