**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ANTONIO GREGORY BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cv-2200 (APM)** |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Plaintiff has filed a Motion for Declaratory Judgment, ECF No. 20 ("Mot. I"); a Supplemental Motion for Protective Order and Declaratory Judgment, ECF No. 19 ("Mot. II"); and a "Motion to Compel by In Camera Review of FBI's Response, JSR Filings, and Potential Brady Violations," ECF No. 21 ("Mot. III"). For the reasons explained below, all three motions are denied.

Plaintiff contends that Defendant FBI has engaged in myriad wrongdoing in this FOIA matter, primarily rooted in his suspicion that Defendant "has utilized joint status reports (JSRs) as a delay tactic, creating unnecessary litigation burdens on Plaintiff[,]" and now seeks a declaratory judgment confirming the agency's alleged "bad faith." Mot. I at 1, 3; Mot. II at 1–2; *see also* Mot. III at 1–3. This is not the first time Plaintiff has raised these types of concerns, *see, e.g.*, Suppl. Mem., ECF No. 14, at 3, which the court addressed in its January 27, 2025 Order, ECF No. 17 ("Jan. 27, 2025 Order"), at 2. Once again, the court assures Plaintiff that the filing of status reports is commonplace in FOIA litigation, even multiple status reports over extended periods of time. This is particularly true where, as here, an agency is conducting additional searches in response to a FOIA request. *See* Joint Status Report, ECF No. 16 ("JSR"), at 1.

As a point of comparison, Plaintiff references another FOIA case that he recently filed in this District, *Brooks v. Department of the Army*, No. 24-cv-2259 (APM), which he claims has not required the filing of status reports.   Mot. III at 2–3.   Plaintiff is mistaken; the court has ordered the filing of status reports in that case.   *See, e.g.*, Jan. 14, 2025 Order, ECF No. 16; Def.'s Status Report, ECF No. 17; Jan. 29, 2025 Minute Order (directing Defendant to file another Status Report by March 28, 2025).   Nevertheless, each FOIA case presents its own procedural needs.

Insofar as Plaintiff maintains that Defendant has violated FOIA, seeks *in camera* review of Defendant's communications and responses, and demands production of certain materials, such is the province of dispositive motions briefing, when the time arrives.   *See* Jan. 27, 2025 Order at 2. Indeed, as Defendant is still conducting searches responsive to Plaintiff's FOIA request, *see* JSR at 1, any such review by the court would be premature.

Plaintiff also accuses the court of engaging in *ex parte* communications with Defendant because it has expeditiously issued orders in response to scheduling requests and directed the filing of status reports.   Mot. I at 2; Mot. II at 2; Mot. III at 1–3.   This speculation is baseless.   The court has not engaged in any *ex parte* communications with any party.   Because FOIA cases are exempt from the requirements of Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, *see* LCvR 16.3(b)(10); Nov. 22, 2024 Order, ECF No. 11, this type of economical scheduling is standard procedure, and the court's efficiency serves to benefit Plaintiff.

Next, Plaintiff broadly alleges that, in handling his FOIA request, Defendant and other government actors have "obstructed justice," committed federal crimes, and violated his civil rights and the tenets of *Brady v. Maryland*, 373 U.S. 83 (1963), and he therefore requests "an immediate referral for criminal prosecution."   Mot. I at 1–3; Mot. II at 2; Mot. III at 1–3.   At the outset, the court makes clear that it finds absolutely no basis for these accusations.   In any event,

the court has no jurisdiction to compel the government to commence a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Nor may Plaintiff compel an investigation by any law enforcement agency through civil litigation. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

As for the allegations that Defendant and others have allegedly violated Plaintiff's civil rights, FOIA is an inappropriate vehicle for such claims. *See Donoghue v. Office of Info. Policy, Dep't of Justice*, 157 F. Supp. 3d 21, 23 n.2 (D.D.C. 2016); *Frank v. Dep't of Justice*, 941 F. Supp. 4, 5 (D.D.C. 1996); *Lazaridis v. U.S. Dep't of Justice*, 766 F. Supp. 2d 134, 145 (D.D.C. 2011); *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010).

Finally, Plaintiff demands a protective order because, in litigating this case, he has allegedly been subject to the following:

> Unlawful Surveillance, Cyber Intrusion, and Digital Suppression: Defendants have engaged in Title III surveillance abuses, unlawful cyber intrusions, and targeted electronic suppression to interfere with Plaintiff's legal research, attorney-client communications, and litigation efforts. They have tampered with electronic devices, compromised digital records, and obstructed Plaintiff's ability to submit filings in their entirety, thereby impeding his access to due process. . . Physical Torture, Psychological Coercion, and Enhanced Surveillance Techniques: Plaintiff has been subjected to enhanced interrogation techniques, electromagnetic weaponry assaults, auditory distress mechanisms, and sensory deprivation tactics, amounting to violations of domestic and international prohibitions against cruel and inhumane treatment. These acts have served no legitimate governmental purpose and instead reflect an effort to intimidate and subdue Plaintiff through unlawful coercion.

Mot. I at 2–3; *see* Mot. II at 1–2; Mot. III at 2. These allegations are frivolous, and going forward, the court will not entertain any claims of this variety. *See Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality,"

including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

The court currently finds no basis for the relief sought by Plaintiff, and it has now addressed his concerns on multiple occasions. Courts maintain the power to prevent vexatious and repeated submissions upon the same point and ordinarily exercise their discretion to preclude agitation of the same question on the same set of facts. *See, e.g.*, *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). These rules have their origin in the necessity of "orderly administration of justice." *Id.*; *see also Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (noting a district court's "prerogative to manage its docket, and its discretion to determine how best to accomplish this goal"). As such, Plaintiff is forewarned that, in the future, the court may, *inter alia*, "employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice" to prevent repeated filings of this nature. *Urban*, 768 F.2d at 1500.

Accordingly, the court denies Plaintiff's Motion for Declaratory Judgment, ECF No. 20; Plaintiff's Supplemental Motion for Protective Order and Declaratory Judgment, ECF No. 19; and Plaintiff's Motion to Compel by In Camera Review of FBI's Response, JSR Filings, and Potential Brady Violations, ECF No. 21.

Dated:  February 24, 2025

Amit P. Mehta
United States District Judge

4