UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 24-2200 (APM) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated December 31, 2025, Defendant, Federal Bureau of Investigation ("Defendant" or "FBI") and plaintiff, Antonio Gregory Brooks ("Plaintiff"), respectfully submits this status report in this Freedom of Information Act ("FOIA") case:

**Defendant**

1. FBI reports on January 14, 2026, the FBI sent, a for the fifth time, both release letters along with the accompanying production of records to Plaintiff, this time via both the United States Postal Service (signature required; expected delivery by 9:00 pm, January 20, 2026) and Federal Express, with the latter given specific instructions to ensure delivery at 2701 Park Center Drive Apt 905b, Alexandria, VA 22302. On January 15, 2026, the FBI received notification from Federal Express that it delivered the package (Tracking Number 461565962647) on January 15 at 11:35 AM at "2701 PARK CENTER DRAPT B905".

2. The FBI provides the following background information regarding its attempts to produce records to Plaintiff: The FBI previously reported it sent its first release letter, dated May 2, 2025,

along with the accompanying production of records to Plaintiff. *See* Jt. Status Report (ECF No. 27) ¶ 2.

The FBI sent its second (and final) release letter, dated September 19, 2025, along with the accompanying production of records to Plaintiff. Both packages were addressed to the address Plaintiff lists on the Court Docket. Plaintiff claims he did not receive either package. Subsequently, the FBI sent both the first and second release letters along with the accompanying production of records to Plaintiff via Federal Express (Tracking Number 452879204391, dated November 24, 2025). Plaintiff claims he did not receive the third package.

The FBI sent the first and second release letters and the accompanying production of records to Plaintiff, a fourth time, via Federal Express (Tracking Number 4615-6596-2533, dated January 7, 2026). Plaintiff claims he did not receive the fourth package. Federal Express was instructed to deliver the package at **2701** Park Center Drive Apt 905b, Alexandria, VA 22302. It appears that Federal Express may have delivered the fourth package at **2801** Park Center Drive, which is the housing unit adjacent to Plaintiff address (**2701**). Accordingly, on Wednesday, January 14, 2026, the FBI sent the production fifth time as outlined in paragraph one of this joint status report.

2. The FBI, through counsel, attempted to confirm receipt of the January 15, 2026 production, and similar to the other productions, Plaintiff refuses to acknowledge receipt. Instead, Plaintiff provided the statement below.

Dated: January 16, 2026  
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By: */s/ Kimberly A. Stratton*  
    KIMBERLY A. STRATTON  
    Assistant United States Attorney

601 D Street, NW
Washington, DC 20530
Ph: (202) 417-4216
Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

**Plaintiff**

# PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS ASSERTIONS AND OBJECTION TO CHARACTERIZATION OF "GOOD FAITH"

Plaintiff respectfully submits this response to Defendant's most recent filing and accompanying assertions that Defendant has acted in "good faith." While Defendant now supplies tracking numbers and delivery narratives, the core deficiencies repeatedly raised by Plaintiff—and now pending before the Court via Plaintiff's Notice and Motion for Clarification—remain unresolved.

### I. Plaintiff Does Not Confirm Receipt Because Receipt Cannot Yet Be Verified or Attributed

Plaintiff does not dispute that packages may have been delivered to an address associated with Plaintiff. However, Plaintiff cannot and will not make representations to the Court confirming receipt of a FOIA production where Defendant has failed to provide the minimum information necessary to determine:

1. What each package contains;
2. Which FOIA or Privacy Act request(s) each package purports to satisfy;
3. Whether the materials are complete, partial, duplicative, or unrelated; and
4. Whether the materials correspond to this case at all, as opposed to other agency mailings or prior, unresolved productions.

FOIA confirmation is not a question of whether something arrived at a residence. It is a question of whether a case-specific production has been made and can be authenticated as such. Defendant has still not provided that correlation.

## II. Tracking Numbers Alone Do Not Cure the Defect Identified by Plaintiff and Pending Before the Court

Defendant's filing now emphasizes tracking numbers and delivery attempts. But tracking numbers alone do not establish compliance with the Court's Minute Order, which requires Plaintiff to state whether he received the FOIA production and whether he intends to challenge it.

Plaintiff cannot determine whether to challenge:

- the scope of the search,
- the adequacy of the production, or
- any asserted withholdings

without knowing what the production is answering to.

At present, Defendant has not identified:

- which FOIA requests correspond to the May 2025 release,
- which correspond to the September 2025 release,
- how (or whether) earlier materials referenced in December 2023 or January 2024 relate to this litigation,
- or which withholdings correspond to which request.

Absent that information, any statement by Plaintiff confirming receipt or evaluating challenges would risk being inaccurate and misleading to the Court.

## III. Defendant's Assertion of "Good Faith" Is Incomplete and Does Not Address the Procedural Harm

Plaintiff does not accuse Defendant of bad motive. However, good faith in FOIA litigation is measured by transparency and traceability, not by the volume of mailing attempts.

Plaintiff has repeatedly requested—over months—not merely delivery, but:

- advance identification of what was being sent,
- correlation of productions to specific FOIA requests,
- and a method of transmission that avoids repeated delay and ambiguity.

Those requests remain unmet. Defendant's continued insistence that Plaintiff "review the production and notify the FBI of challenges" presupposes information Plaintiff still does not have.

## IV. Plaintiff Objects to Further Conferral With the FBI Absent Court-Directed Clarification

Plaintiff respectfully objects to any further requirement that he confer directly with the FBI regarding challenges or receipt until the Court resolves the verification and attribution issues raised in Plaintiff's Motion for Clarification.

At this point, continued conferral:

- shifts the burden improperly onto Plaintiff,
- prolongs delay,
- and places Plaintiff at risk of being characterized as non-cooperative for declining to speculate.

Plaintiff respectfully requests that the Court require the FBI itself to submit a report, not a joint status report, identifying:

1. Each FOIA/PA request at issue in this case;
2. Each production purportedly made in response to each request;
3. The medium used for each production; and
4. Whether each production is asserted to be complete or partial.

## V. Requested Path Forward

To move this case forward expeditiously and avoid further procedural harm, Plaintiff respectfully requests that the Court:

- Decline to require Plaintiff to confirm receipt or articulate challenges until production attribution is clarified;
- Direct the FBI to provide production correlation in writing, preferably via electronic means or secure server access rather than repeated courier deliveries; and
- Set a short, defined deadline (no more than fourteen days) for the FBI to complete this task.

Plaintiff raises these objections to protect the integrity of the record and his due-process rights as a pro se litigant. Plaintiff will promptly review and respond once the productions can be reliably identified and verified.

Respectfully Submitted,

Antonio G. Brooks

Plaintiff, Pro Se